UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KENNETH R. CALKINS, JR.,

                                                                            DECISION AND ORDER

                        Petitioner,

                                                                             22-CV-6004DGL

          v.


TIMOTHY McCARTHY,

                        Respondent.
_____


Petitioner Kenneth R. Calkins, Jr. has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2017 conviction following a bench trial in New York Supreme Court, Steuben County of two counts of first degree criminal sexual act. Calkins is currently serving a sentence of 15 years incarceration on those charges. (Dkt. #4). Respondent has filed a motion to dismiss the petition as time barred (Dkt. #9), which petitioner opposes (Dkt. #11, 13). For the reasons stated below, respondent's motion to dismiss is granted, and the petition is dismissed.

## DISCUSSION

**I.      Petitioner's Challenges to Respondent's Motion to Dismiss**

Calkins initially asks the Court to reject respondent's motion to dismiss because it was filed on May 26, 2022, approximately two months after the Court's initial deadline for filing such motions (Dkt. #3). (Dkt. #11 at 1). On May 16, 2022, however, respondent moved for leave to file a motion to dismiss. (Dkt. #7). In his motion, respondent acknowledged the original deadline but stated that it took months to receive the records necessary to analyze the timeliness issue. (Dkt.

#7). Although the ideal course of action would have been for respondent to notify the Court before the deadline had passed that he was unlikely to timely receive such documents and therefore needed an extension of time, respondent ultimately sought leave to file a belated motion to dismiss, which the Court previously granted (Dkt. #8). Therefore, I will not reject respondent's motion to dismiss as untimely.

Calkins also contends that respondent failed to answer timely and comply with Rule 37 of the Federal Rules of Civil Procedure when he failed to file state court records by the deadline set by the Court. I note, however, that when I granted respondent's request for leave to file a motion to dismiss, I also suspended respondent's deadline to file his answer to the petition to which those documents were to be appended. (Dkt. #8). Therefore, even if Rule 37 applies to the Court's February 18, 2022 order (Dkt. #5), I find it inappropriate to sanction respondent, much less strike his motion.

## II.     Motion to Dismiss

Respondent moves the Court to dismiss Calkins' petition as untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this application for a writ of habeas corpus, contains a one-year statute of limitations that runs from the latest of four events. *See* 28 U.S.C. § 2244(d)(1)(A)-(D). Calkins does not suggest that he was impeded from filing the petition in a timely fashion by any state action in violation of the Constitution or laws of the United States. Likewise, he does not rely on any right made retroactively applicable on collateral review or contend that the claims' factual predicate could not have been discovered earlier through due diligence. Therefore, subsections (B), (C) and (D) of Section 2244(d)(1) do not apply. The only possible start-date is therefore set forth in subsection (A) – the date on which his convictions became final.

For purposes of Section 2244(d)(1)(A), a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of *certiorari* or when the time to seek *certiorari* has expired, which is 90 days following the date on which direct review by the state's highest court is complete. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); U.S. Sup. Ct. R. 13(1). Here, the New York Court of Appeals denied leave to appeal on June 20, 2019. *People v. Calkins*, 33 N.Y.3d 1067 (2019). Because Calkins did not file a petition for a writ of certiorari, his conviction became final 90 days later, on September 18, 2019.

The one-year limitations period would have expired then on September 18, 2020, a year later absent any statutory tolling under 28 U.S.C. § 2244(d)(2). That subsection provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Calkins did file an application for post-conviction relief in a motion under New York Criminal Procedure Law, Article 440 ("440 motion") in late 2019. The record is unclear as to when the Steuben County Clerk received the motion (Dkt. #9-1 at ¶ 5), but petitioner stated in his petition that it was filed on December 6, 2019 (Dkt. #4 at 3). The state trial court denied the motion on February 19, 2020 (Dkt. #9-1 at 83-88). For purposes of § 2244(d)(2), the § 440 motion ceased to be pending on November 2, 2020, when the appellate division issued its order denying leave to appeal (Dkt. #9-1 at 98). Because the appellate division's denial was not appealable, Calkins' counsel's application to the New York Court of Appeals for leave to appeal did not further toll the statute of limitations. *Walker v. Graham*, 955 F. Supp. 2d 92, 101-02 (E.D.N.Y. 2013). In total, by pursuing the collateral attack, Calkins tolled the statute of limitations to file his habeas petition by 332 days – in other words, until August 16, 2021. Calkins, however, then waited until December

3

28, 2021, to file his habeas corpus petition, which was several months past the one-year limitations period.

In his opposition to respondent's motion to dismiss, Calkins refers to New York State Executive Order 202.8 pertaining to COVID-19 restrictions and the lockdown that apparently took place between August 8 until August 23, 2021, within the Auburn Correctional Facility where he was incarcerated. (Dkt. #11; Dkt. #13). Presumably, Calkins asks this Court to consider these factors in determining whether the statute of limitations should be equitably tolled. Equitable tolling "applies only in the rare and exceptional circumstance[]" and requires a petitioner to demonstrate that he "acted with reasonable diligence throughout the period he seeks to toll" and "that extraordinary circumstances prevented him from filing his petition on time." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). Petitioner has failed to meet that burden.

As respondent notes, the executive order cited only temporarily tolled *state* statutes of limitations. (*See* Dkt. #12 at 3). Additionally, although the COVID-19 pandemic was disruptive to daily life, Calkins' conclusory reference to the two-week lockdown is insufficient to warrant equitable tolling. *See also Morales v. People*, 2021 WL 6125598, at *2 (E.D.N.Y. Dec. 28, 2021) ("[T]he Covid-19 pandemic does not automatically result in equitable tolling."); *Mairs v. Fields*, 2021 WL 4311140, at *2 (E.D.N.Y. Sept. 22, 2021) ("Petitioner's motion falters on reasonable diligence grounds, because he says literally nothing about any actions he undertook or attempted in order to advance his petition in the period he seeks to have tolled."); *Hines v. United States*, 2021 WL 2455679, at *2 (S.D.N.Y. June 16, 2021) ("While the effects of the COVID-19 pandemic could conceivably present extraordinary circumstances, [a] petitioner cannot meet his burden of establishing that a court should apply the doctrine of equitable tolling simply by making a passing reference to the pandemic or the resulting lockdown." (quotations omitted)).

Based on the above, I find that Calkins' petition was filed well beyond the applicable one-year statute of limitations and that he is not entitled to equitable tolling. Therefore, I grant respondent's motion to dismiss.

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss (Dkt. #9) is **GRANTED**. Calkins' petition for a writ of habeas corpus (Dkt. #1) is **DISMISSED**. Because petitioner has not made a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), I decline to issue a certificate of appealability.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 12, 2023.